IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| Government, | § |
| VS. | § CRIMINAL NO. H-12-600 |
| REGINA ASKEW, | § |
| Defendant. | § |

**ORDER**

The defendant, Regina Askew, was convicted by a jury of five counts of Medicare fraud and was sentenced to a 144-month prison term. She was allowed voluntary surrender. Askew now moves to remain on bond pending her appeal. (Docket Entry No. 515). The government opposes the motion on the basis that Askew has not identified an appellate issue likely to result in reversal, a new trial, or a materially lower sentence.

18 U.S.C. § 3143(b) provides:

> [The court] shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained unless [the court] finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,

> > (iii) a sentence that does not include a term of imprisonment, or
>
> > (iv) a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process.
>
> If [the court] makes such findings, [the court] shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

The Fifth Circuit has interpreted § 3143(b) to require that "[t]o obtain release pending appeal, a convicted defendant must establish four factors: (1) that [s]he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment." *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990); *see also United States v. Olis*, 450 F.3d 583, 586 (5th Cir. 2006) ("subsection (b) permits a defendant with a 'pending appeal' to be released only if, *inter alia*, his appeal is likely to result, among other things, in a sentence reduced to less imprisonment than he has already served or will serve during his appeal").

The third and fourth prongs of the four-part test pose a problem for Askew. They require her to show that her appeal raises a substantial question of law or fact and that the question, if decided favorably, is likely to result in reversal, a new trial, or a materially lower sentence. "'Substantial question' means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985). A substantial question is one that is "'close' or 'that could very well be

decided the other way' by the appellate court." *Clark*, 917 F.2d at 180 (quoting *Valera-Elizondo*, 761 F.2d at 1024).

In her brief motion, Askew asserts that she will appeal based, in part, on the sufficiency of the evidence proving that she was a member of the conspiracy to defraud Medicare and, if so, when she entered the conspiracy. She will also raise on appeal whether the court correctly applied the Sentencing Guidelines in calculating the intended fraud loss attributable to her. This brief description does not meet Askew's burden of showing that these are substantial "close" questions or that an appellate court is likely to reverse, grant a new trial, or significantly reduce the sentence to less than the likely duration of detention during appeal. Because Askew has not shown that she is entitled to bail pending appeal under § 3143(b), her motion for continued release is denied. By separate order, the court sets her surrender date as July 23, 2015.

SIGNED on June 30, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

3